**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR04-4082-MWB |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION ON HINMAN'S MOTION TO DISMISS COUNTS 2 THROUGH 5 OF THE SECOND SUPERSEDING INDICTMENT** |
| LARRY HINMAN, ANNA DOSE, *aka* Ann Dose, and CARLA WEBER, | |
| Defendants. | |

_____

On May 6, 2005, the defendant Larry Hinman filed a new motion to dismiss Counts 2 through 5 of the Second Superseding Indictment. (Doc. No. 127) The undersigned issued a Report and Recommendation on all pending motions on April 22, 2005. (Doc. No. 125) In his newly-filed motion, Hinman, in essence, states the undersigned failed to address one of the issues still outstanding, to-wit: whether Counts 2 through 5 of the Second Superseding Indictment should be dismissed for failure to state an offense. Hinman notes, correctly, that the Government included this issue as one remaining for resolution following the return of the Second Superseding Indictment. The Government described the issue as follows:

> Do the false statements counts (previous Counts 3-8, now Counts 2-5) adequately allege violations of 18 U.S.C. §§ 1001 and 1035?

(Doc. No. 97, at 3)

In the undersigned's prior Report and Recommendation, the undersigned concluded the false statement counts properly alleged violations of 18 U.S.C. §§ 1001 and 1035.

(*See* Doc. No. 88 at 19-21)   Hinman filed thorough objections to the undersigned's findings (Doc. No. 91), and the Government filed a thorough response to Hinman's objections (Doc. No. 93).

For purposes of allowing the trial court to address all of the pending issues in a single decision, the court restates the prior discussion and findings on this issue.   In the discussion, the court will refer to the parties' original briefs on the issue.   The issue Hinman has raised remains the same as to the Second Superseding Indictment.

### A.  Law Applicable to Motions to Dismiss

The Eighth Circuit Court of Appeals has considered the minimum requirements for a sufficient indictment on numerous occasions.   In *United States v. Cuervo*, 354 F.3d 969 (8th Cir. 2004), the court explained:

> "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."   *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *see [United States v.] Dolan*, 120 F.3d [856,] 864 [(8th Cir. 1997)] ("To be sufficient, an indictment must fairly inform the defendant of the charges against him and allow him to plead double jeopardy as a bar to future prosecution.").   Typically an indictment is not sufficient only if an essential element of the offense is omitted from it.   *[United States v.] White*, 241 F.3d [1015,] 1021 [(8th Cir. 2001)].

*Cuervo*, 354 F.3d at 983.   *See Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609, 140 L. Ed. 2d 828 (1998) ("[T]he first and most universally recognized requirement of due process" is that a defendant receive "real notice of the true nature of

the charge against him.") (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S. Ct. 572, 574, 85 L. Ed. 859 (1941)).

In the *White* opinion cited by the court in *Cuervo*, the Eighth Circuit noted, "Usage of a particular word or phrase in the indictment is not required as long as we can recognize a valid offense and the form of the allegation 'substantially States the element[s].' . . . In fact, we will find an indictment insufficient only if an 'essential element "of substance" is omitted.'" *White*, 241 F.3d at 1021 (quoting *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988)). However, as Chief Judge Mark W. Bennett noted in *United States v. Nieman*, 265 F. Supp. 2d 1017 (N.D. Iowa 2003):

> Although no particular words or phrases are necessarily required, "[i]t is well-established in this circuit that citation of the statute, without more, does not cure the omission of an essential element of the charge because bare citation of the statute 'is of scant help in deciding whether the grand jury considered' the missing element in charging the defendant." *[United States v.] Olson*, 262 F.3d [795,] 799 [(8th Cir. 2001)] (quoting *United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976), and also citing *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988)).

*Nieman*, 265 F. Supp. 2d at 1028 (quoting *United States v. Johnson*, 225 F. Supp. 2d 1009, 1015-16 (N.D. Iowa 2002) (footnote omitted)). Judge Bennett explained the court first must determine how the statutes and case law define the offenses charged in each count of the indictment, and then must determine whether the counts of the indictment adequately allege the offenses, as defined. *Nieman*, 265 F. Supp. 2d at 1029.

The court will apply these standards to Hinman's challenges to the Second Superseding Indictment.

### *Hinman's Motion to Dismiss Counts 2 Through 5*

Hinman argues Counts 2 through 5 should be dismissed because they fail to allege Hinman "intended that any falsification or concealment would bear a relation or a purpose to some matter within the jurisdiction of any department or agency of the United States." (Doc. No. 57-2, pp. 15-16)  Hinman notes the indictment alleges he made false representations to an inspector of the Iowa Department of Inspections and Appeals, but fails to allege he knew the DIA inspector "had any relationship to, reported to or provided information to any department or agency of the United States." (*Id.*, p. 16) Hinman states the applicable case law applies equally to the charges under both section 1001 and section 1035. (*Id.*)

In support of his argument, Hinman cites *Ebeling v. United States*, 248 F.2d 429, 434 (8th Cir. 1957), and *United States v. Popow*, 821 F.2d 483, 486 (8th Cir. 1987). Hinman describes the holdings of these cases as "clearly defin[ing] the offense prohibited by 18 U.S.C. § 1001 to include an element that the defendant intended that the falsification or concealment bear a relation or purpose as to some matter which is within the jurisdiction of a department or agency of the United States." (Doc. No. 57-2, p. 15)

The Government argues *Ebeling* and *Popow* no longer represent current law in the Eighth Circuit, citing *United States v. Hildebrandt*, 961 F.2d 116 (8th Cir. 1992), and *United States v. Yermian*, 468 U.S. 63, 82 L. Ed. 2d 53, 104 S. Ct. 2936 (1984), for the proposition that intent to deceive the Government, and knowledge that a false statement is being made in connection with a matter under Government jurisdiction, are not elements of an offense under section 1001.  The Government asserts it must prove only that Hinman knowingly and willfully intended to make, or cause to be made, a false statement.  (Doc. No. 76, pp. 3-4)

Hinman responds that neither the Supreme Court in *Yermian* nor the Eighth Circuit in *Hildebrandt* addressed whether it must be reasonably foreseeable to a defendant that his false statements are related to a matter within Government jurisdiction. (Doc. No. 74). The Government agrees with Hinman's assertion, but points out that "every federal court of appeals to have considered this issue since *Yermian* has concluded that no such proof of foreseeability is necessary." (Doc. No. 76, p. 5, citing, *e.g.*, *United States v. Green*, 745 F.2d 1205, 1209 (9th Cir. 1984) ("We are persuaded that no mental state is required with respect to federal involvement in order to establish a violation of section 1001."); *United States v. Bakhtiari*, 913 F.2d 1053 (2d Cir. 1990) (finding *Yermian* supports the conclusion that no "standard of jurisdictional awareness less than actual knowledge" is required, and finding "no doubt that Congress – through § 1001 – acted within its powers to criminalize the issuance of an intentionally false statement within the jurisdiction of a federal department or agency, regardless of the defendant's awareness that the statement will be so delivered").

The court is persuaded by the reasoning in *Bakhtiari* and *Green*, and finds no scienter requirement with regard to the jurisdictional awareness of a false statement. The only intent the Government must prove the defendant had was the intent to make the false statement. By alleging Hinman made a false statement, or caused a false statement to be made, the indictment fairly apprises him of the conduct the Government alleges violated the statute.[1] Therefore, the court recommends Hinman's motion to dismiss Counts 2 through 5 be denied.

---

[1] *Cf. Green* 745 F.2d at 1211 ("A person who knowingly and willfully makes a false statement cannot be deemed to have engaged in entirely innocent conduct.") (citing *United States v. Duncan*, 693 F.2d 971, 976 (9th Cir. 1982); *United States v. Carrier*, 654 F.2d 559, 562 (9th Cir. 1981)).

*CONCLUSION*

For the reasons stated above, **IT IS RECOMMENDED**, unless any party files objections to this Report and Recommendation as specified below, that Hinman's motion to dismiss Counts 2 through 5 of the Second Superseding Indictment be **denied**.

Because the parties have fully argued and briefed this issue previously and, presumably, can simply restate their previous arguments, the court finds no party will be prejudiced by a very limited time frame for the filing of objections to this Report and Recommendation. Accordingly, the parties must file objections **by Wednesday, May 11, 2005**, with any responses to objections being filed by **Friday, May 13, 2004**.

**IT IS SO ORDERED.**

**DATED** this 6th day of May, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT