IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY HINMAN, ANNA DOSE,<br>*aka* Ann Dose, and CARLA WEBER,<br><br>Defendants. | No. CR04-4082-MWB<br><br>**ORDER** |

This matter is before the court on motion of the defendants Anna Dose and Larry Hinman to sever their trial from that of the defendant Carla Weber. The movants argue their joinder with the defendant Weber will prejudice them unfairly and preclude them from confronting witnesses against them in violation of the Sixth Amendment. In particular, they argue joinder with Weber will cause the jury to attribute Weber's independent acts to the movants.

The movants anticipated the Government will attempt to introduce at trial a number of statements Weber made to law enforcement and to the grand jury concerning the events giving rise to the charges against the defendants in this case. The movants argue Weber's Fifth Amendment right against self-incrimination prohibits them from calling Weber as a witness to cross-examine her regarding her statements in any trial in which Weber is joined as a defendant. Citing *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), the movants further argue a jury instruction will not be sufficient to cure the prejudice that will attach if Weber's statements are introduced into

evidence without the opportunity for the movants to cross-examine her. The movants also argue they cannot present an adequate defense to the charges if they are joined with Weber because their defenses are mutually antagonistic with Weber's.

The Government argues two of Weber's statements would be admissible in any event as statements of a co-conspirator. As to the other statements, the Government argues appropriate redactions may be made to satisfy the *Bruton* requirements and protect the movants' constitutional rights.

The court has reviewed the parties' briefs and the applicable law and finds the movants have failed to overcome the presumption against severance. *See United States v. Delpit*, 94 F.3d 1134 (8th Cir. 1996). The movants have not met the heavy burden of showing a jury would be "unable to compartmentalize the evidence against each defendant or that the defendants' defenses are irreconcilable." *United States v. Warfield*, 97 F.3d 1014, 1019 (8th Cir. 1996). The appropriate vehicle for the movants to protect themselves against the introduction of inappropriate evidence is a motion in limine, to provide the presiding judge with the opportunity to order appropriate redactions in Weber's statements.

On the issue of mutually antagonistic defenses, it is more the rule than the exception that codefendants will attempt to point the finger at one another to avoid conviction. Although severance is favored when there is danger of real prejudice to an individual defendant, *United States v. Kirk*, 534 F.2d 1262, 1269 (8th Cir. 1976), the movants must do more than argue they might have a better chance of acquittal if their trials were severed from Weber's. *See United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995).

For these reasons, the motions of Dose and Hinman for severance are **denied**.

**IT IS SO ORDERED.**

**DATED** this 21st day of July, 2005.

_Paul A. Zoss_
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3